6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Tatsuki ICHIHASHI, Yoshimasa Baba, Shoichiro Seno and
Shigeru Aoyama.
 No. 93-1172.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1993.
 
 Before MAYER, CLEVENGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tatsuki Ichihashi, et al., appeal the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences rejecting claims 7-9 in application No. 07/284,438 under 35 U.S.C. Sec. 103 (1988) as obvious over the prior art. Ex parte Ichihashi, No. 92-2194 (Oct. 16, 1992). We reverse.
 
 
 2
 We review an obviousness determination by the board de novo, and we review underlying factual findings for clear error. In re Woodruff, 919 F.2d 1575, 1577, 16 USPQ2d 1934, 1935 (Fed.Cir.1990). The board rejected the claims based on a single reference, Fig. 1 and its description provided in the application, conceded by applicants to be prior art.* The board determined that, when given its broadest reasonable interpretation, the "circuit selective switch unit" claimed was "broad enough to read on the route table and the undisclosed implementation of the same in the acknowledged prior art...." In a footnote, the board explained that "it is well known in the art that the routing of communication signals" can be accomplished through electromechanical switches, and by electronics, and thus the route table of the prior art could be implemented in such a way as to "read on" the claimed switch unit. No evidence, either of additional art, or supplementary evidence of what one of ordinary skill would have understood at the time the application was filed, was cited by the board in support of this assertion. The board concluded from its assertion that the claims would therefore have been obvious to one of ordinary skill in the art and entered its rejection.
 
 
 3
 Nowhere in the board's opinion are there any findings as to the level of ordinary skill in the relevant art, or any examples, either from the single prior art reference or otherwise of an implementation of a route table. It was undisputed that one of the advantages of the claimed system over the prior art was that the claimed switch unit allowed each communication device to function with a single transmitting-receiving unit, as opposed to the plurality of transmitting-receiving units disclosed in the communication devices of Fig. 1. Even assuming for the sake of argument the correctness of the board's determination that a prior art route table functions like the claimed switch unit, there remains no indication in the record that one of ordinary skill would find any motivation in the prior art to place the route table/switch unit in the position specified by the claims, thus allowing a communication device to function with a single transmitting-receiving unit.
 
 
 4
 At oral argument, the solicitor conceded that there was nothing in the board's opinion or the record before this court to support such motivation, other than the bald assertion by the board that it would have been obvious. In the absence of some evidence of the level of ordinary skill, including evidence tending to show what one of such ordinary skill would be motivated to accomplish in view of the cited prior art, the board may not rest a prima facie case only on its own unsupported assertions.
 
 
 
 *
 Claim 7, the sole independent claim, recites:
 
 
 [7]
 A system of communication devices connectable with each other via a plurality of connection circuits, each communication device comprising:
 a transmitting-receiving unit which transmits and receives communication signals to and from other communications devices, said communication signals being in the form of data frames having address sections and information sections;
 a circuit selective switch unit connected between said transmitting-receiving unit and at least one of said plurality of connection circuits for selectively establishing a communication link between said transmitting-receiving unit and at least one of said other communication devices via said at least one connection circuit and the circuit selective switch unit of said one other communication device; and
 a control unit which controls the operation of said circuit selective switch unit and said transmitting-receiving unit for carrying out communications with selected communication devices according to an initial communication link establishment procedure executed by said system. (Emphasis added).